**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-40448

STEPHEN K VERRET

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA

Defendant-Appellee

Appeal from the United States District Court
from the Eastern District of Texas

Before GARWOOD, DENNIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant in his appeal has demonstrated no reversible error in the district court's thorough and well considered February 14, 2008 memorandum opinion.

Appellant does *not* challenge on this appeal the district court's determination that he was a "responsible person" under section 6672. Admittedly, he became aware in November 2001 that the Hospital's payroll withholding taxes for the third and fourth quarters of 2001 were outstanding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and unpaid. He was not only Chairman of the Hospital's Board of Directors but was also an essentially salaried and active paid consultant of the Hospital – at a rate of some $70 to $80,000 a year – and continued to receive this compensation from the Hospital and to be aware that the Hospital's third and fourth quarter withholding taxes were still outstanding while he was receiving such payments and diverse other Hospital employees and/or other creditors were being paid.[1] Nor does appellant argue on this appeal that he is exempted from liability under section 6672(e).

The judgment of the district court is

AFFIRMED.

---

[1] *See Turnbull v. United States*, 929 F.2d 173, 180 (5th Cir. 1991): "Foster was a responsible person for all four quarters of 1981. Therefore, the government did not have to prove that he knew about the unpaid taxes before October 1981 in order to hold Foster liable for willfully failing to pay the taxes for all four quarters of 1981. Even if the trust funds for the other quarters had already been dissipated by the time Foster learned that DJT had not paid the payroll taxes for the previous quarters, Foster nevertheless had a duty to apply any available unencumbered funds to reduce the payroll tax liability."